## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JULIE SLOAN,<br>a citizen of the State of Iowa,<br><br>and<br><br>STEVEN SLOAN,<br>a citizen of the State of Iowa<br><br>   Plaintiffs,<br><br>-v-<br><br>DARREN SABUDA,<br>as personal representative to the<br>ESTATE OF JENNIFER JESKEY-SABUDA,<br>a citizen of the State of Michigan,<br><br>and<br><br>PEKIN INSURANCE,<br>a corporation incorporated in the State of Illinois,<br><br>and<br><br>FARMERS AUTOMOBILE INSURANCE ASSOCIATION,<br>a corporation incorporated in the State of Illinois,<br><br>   Defendants. | Case No.:<br>Hon.<br>Magistrate Judge: |

| |
|---|
| Elizabethann B. Cochran (P79067)<br>Jeffery M. Mussin (P81032)<br>COCHRAN, KROLL & ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>32398 Five Mile Road<br>Livonia, MI 48154<br>(734) 425-2400; (734) 425-7885 – fax<br>bcochran@cochranlaw.com<br>jmussin@cochranlaw.com |

## **COMPLAINT AND JURY DEMAND**

1

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.

NOW COMES the above-named Plaintiffs, Julie Sloan and Steven Sloan, by and through counsel, Cochran, Kroll & Associates, P.C., and for their Complaint and Jury Demand against Defendants, Darren Subuda, as the personal representative for the Estate of Jennifer Jeskey-Sabuda, Pekins Insurance, and Farmers Automobile Insurance Association, and states as follows:

1. Plaintiff Julie Sloan is a resident of the County of Dubuque, State of Iowa.

2. Plaintiff Steven Sloan is a resident of the County of Dubuque, State of Iowa.

3. Defendant, Darren Subuda, as the personal representative for the Estate of Jennifer Jeskey-Sabuda, is a resident of the County of Kalamazoo, State of Michigan.

4. Defendant, Pekins Insurance, is an insurance company with their principal place of business and incorporation in the State of Illinois.

5. Defendant, Farmers Automobile Insurance Association, is an insurance company with their principal place of business and incorporated in the State of Illinois.

6. The amount in controversy is in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs, interest and attorney's fees.

7. Jurisdiction over this matter arises as a result of diversity of citizenship between Plaintiffs, residents of the State of Iowa, and Defendant, Darren Subuda, as the personal representative for the Estate of Jennifer Jeskey-Sabuda, resident of the State of Michigan, and Pekins Insurance/ Farmers Automobile Insurance Association, a foreign corporation with a principal place of business in the State of Illinois.

8. On August 20, 2022, Plaintiff Steven Sloan, with Plaintiff Julie Sloan riding as a passenger, was operating a 2022 BMW X5 with License Plate No. LKU798 and VIN

5UXTA6C04N9J93005, westbound on W. Empire Highway, in Leelanau County, State of Michigan, near and/or at the intersection of Benzonia Trial.

9. On August 20, 2022, deceased Defendant, Jennifer Jeskey-Sabuda, was operating a gray 2012 Honda Pilot, with License No. CJV481 and VIN 5FNYF4H97CB076624, southbound on Benzonia Trial in Leelanau County, State of Michigan, near and/or at the intersection of W. Empire Highway.

10. At approximately 10:42 a.m., deceased Defendant, Jennifer Jeskey-Sabuda, crashed into Plaintiff's vehicle after disregarding a traffic control device at the intersection of W. Empire Highway and Benzonia Trial in Leelanau County, State of Michigan. **Exhibit 1 – State of Michigan Traffic Crash Report.**

11. As a result of the collision, Plaintiffs sustained serious and permanent personal injuries and economic damages more fully described herein.

### COUNT I
### NEGLIGENCE OF DECEASED DEFENDANT, JENNIFER JESKEY-SABUDA AGAINST JULIE SLOAN

12. At all times stated herein, deceased Defendant, Jennifer Jeskey-Sabuda, owed Plaintiffs, certain common law and statutory duties to operate her motor vehicle in safe and reasonable manner and breached said duties proximately causing Plaintiffs to sustain serious and permanent personal injuries more fully described herein, the duties breached, include, by way of illustration and not limitation:

    a. Driving her motor vehicle recklessly in willful or wanton disregard for the safety of others, MCL 257.626;
    b. Driving her motor vehicle in a careless or negligent manner likely to endanger any person or property, MCL 257.626b;
    c. Driving her motor vehicle without due caution and circumspection at a speed or in a manner that endangers or is likely to endanger others, MCL 257.626c;

    d. Failing to drive her motor vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, MCL 257.627(1);

    e. Failing to drive her motor vehicle in a manner and at a rate of speed that would permit it to be stopped within an assured, clear distance, MCL 257.627(1);

    f. Failing to use ordinary and reasonable care in the operation and control of her motor vehicle, in the speed at which it was driven, and in maintaining an appropriate lookout;

    g. Failing to keep her motor vehicle constantly under control;

    h. Failing to attempt to stop her motor vehicle when she knew or should have known that failure to do so would naturally and probably result in injury to Plaintiffs;

    i. Failing to observe the highway in front of her motor vehicle when she knew or should have known that failure to so observe would endanger the life or property of other persons using the roadway; and

    j. Disregarding a traffic control device/sign/signal. MCL 257.649.

13. As a direct and proximate result of deceased Defendant, Jennifer Jeskey-Sabuda's, negligence, Plaintiff, Julie Sloan, sustained serious and permanent personal injuries and non-economic damages including, by way of illustration and not limitation:

- Fractured sternum/chest pain
- Upper left extremity pain, including wrist/hand
- Upper right extremity pain
- Back and neck pain
- Lower extremity pain
- Head trauma
- Abdominal injury/pain
- Economic losses and damages (MCL500.3135), including:
  - Reasonable and necessary medical expenses for care, recovery, or rehabilitation
  - Medical expenses/lien reimbursement
  - Attendant Care benefits
  - Medical mileage
  - Lost Wages
  - Replacement Services

- Humiliation, embarrassment, mental anguish and pain/suffering

4

**WHEREFORE**, Plaintiffs, by and through counsel, Cochran, Kroll & Associates, P.C., respectfully demands judgment against Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs, interest and attorney fees.

## COUNT II
## NEGLIGENCE OF DECEASED DEFENDANT, JENNIFER JESKEY-SABUDA AGAINST STEVEN SLOAN

14. At all times stated herein, deceased Defendant, Jennifer Jeskey-Sabuda, owed Plaintiffs, certain common law and statutory duties to operate her motor vehicle in safe and reasonable manner and breached said duties proximately causing Plaintiffs to sustain serious and permanent personal injuries more fully described herein, the duties breached, include, by way of illustration and not limitation:

   a. Driving her motor vehicle recklessly in willful or wanton disregard for the safety of others, MCL 257.626;
   b. Driving her motor vehicle in a careless or negligent manner likely to endanger any person or property, MCL 257.626b;
   c. Driving her motor vehicle without due caution and circumspection at a speed or in a manner that endangers or is likely to endanger others, MCL 257.626c;
   d. Failing to drive her motor vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, MCL 257.627(1);
   e. Failing to drive her motor vehicle in a manner and at a rate of speed that would permit it to be stopped within an assured, clear distance, MCL 257.627(1);
   f. Failing to use ordinary and reasonable care in the operation and control of her motor vehicle, in the speed at which it was driven, and in maintaining an appropriate lookout;
   g. Failing to keep her motor vehicle constantly under control;
   h. Failing to attempt to stop her motor vehicle when she knew or should have known that failure to do so would naturally and probably result in injury to Plaintiffs;
   i. Failing to observe the highway in front of her motor vehicle when she knew or should have known that failure to so observe would endanger the life or property of other persons using the roadway; and
   j. Disregarding a traffic control device/sign/signal. MCL 257.649.

15. As a direct and proximate result of deceased Defendant, Jennifer Jeskey-Sabuda's, negligence, Plaintiff, Steven Sloan, sustained serious and permanent personal injuries and non-economic damages including, by way of illustration and not limitation:

- Head injury/traumatic brain injury
- Non-Displaced broken toes on right foot
- Lower leg pain with numbness
- Back/Neck injury and/or aggravation with radiculopathy
- Economic losses and damages (MCL500.3135), including:
    - Reasonable and necessary medical expenses for care, recovery, or rehabilitation
    - Medical expenses/lien reimbursement
    - Attendant Care benefits
    - Medical mileage
    - Lost Wages
    - Replacement Services
- Humiliation, embarrassment, mental anguish and pain/suffering

**WHEREFORE**, Plaintiffs, by and through counsel, Cochran, Kroll & Associates, P.C., respectfully demands judgment against Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs, interest and attorney fees.

### COUNT III
### BREACH OF CONTRACT BY PEKINS INSURANCE – UM/UIM BENEFITS FOR PLAINTIFF JULIE SLOAN

16. Plaintiffs incorporates each and every preceding paragraph as though fully stated herein.

17. Upon information and belief, deceased Defendant, Jennifer Jeskey-Sabuda, was uninsured or in the alternative, any insurance in force on the vehicle did not and does not provide adequate coverage for the claims and damages asserted by Plaintiff, Julie Sloan.

18. At the time of the accident, Plaintiff had in force a policy of automobile insurance issued by Defendant Pekins Insurance and said policy of insurance contained a provision for uninsured/underinsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by a third party, when that vehicle is uninsured or underinsured at the time of the accident, and the third person is not otherwise entitled to coverage.

19. Plaintiff, Julie Sloan, has complied with the terms of the contract with Defendant Pekins Insurance and is entitled to be paid by the Defendant any and all damages sustained from the negligence of Deceased Defendant, Jennifer Jeskey-Sabuda.

20. Defendant Pekins Insurance has breached its contract by failing to make any payments to the Plaintiff, Julie Sloan, under the uninsured/underinsured motorist provisions of Plaintiff's policy.

**WHEREFORE**, Plaintiffs, by and through counsel, Cochran, Kroll & Associates, P.C., respectfully demands judgment against Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs, interest and attorney fees.

<u>**COUNT IV**</u>
**BREACH OF CONTRACT BY PEKINS INSURANCE – UM/UIM BENEFITS FOR PLAINTIFF STEVEN SLOAN**

21. Plaintiffs incorporates each and every preceding paragraph as though fully stated herein.

22. Upon information and belief, deceased Defendant, Jennifer Jeskey-Sabuda, was uninsured or in the alternative, any insurance in force on the vehicle did not and does not provide adequate coverage for the claims and damages asserted by Plaintiff, Julie Sloan.

23. At the time of the accident, Plaintiff, Steven Sloan, had in force a policy of automobile insurance issued by Defendant Pekins Insurance and said policy of insurance contained a provision

7

for uninsured/underinsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by a third party, when that vehicle is uninsured or underinsured at the time of the accident, and the third person is not otherwise entitled to coverage.

24. Plaintiff, Steven Sloan, has complied with the terms of the contract with Defendant Pekins Insurance and is entitled to be paid by the Defendant any and all damages sustained from the negligence of Deceased Defendant, Jennifer Jeskey-Sabuda.

25. Defendant Pekins Insurance has breached its contract by failing to make any payments to the Plaintiff, Julie Sloan, under the uninsured/underinsured motorist provisions of Plaintiff's policy.

**WHEREFORE**, Plaintiffs, by and through counsel, Cochran, Kroll & Associates, P.C., respectfully demands judgment against Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs, interest and attorney fees.

## COUNT V
## BREACH OF CONTRACT BY FARMERS AUTOMOBILE INSURANCE ASSOCIATION – UM/UIM BENEFITS FOR PLAINTIFF JULIE SLOAN

26. Plaintiffs incorporates each and every preceding paragraph as though fully stated herein.

27. Upon information and belief, deceased Defendant, Jennifer Jeskey-Sabuda, was uninsured or in the alternative, any insurance in force on the vehicle did not and does not provide adequate coverage for the claims and damages asserted by Plaintiff, Julie Sloan.

28. At the time of the accident, Plaintiff, Julie Sloan, had in force a policy of automobile insurance issued by Defendant Farmer's and said policy of insurance contained a provision for uninsured/underinsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a

vehicle by a third party, when that vehicle is uninsured or underinsured at the time of the accident, and the third person is not otherwise entitled to coverage.

29. Plaintiff, Julie Sloan, has complied with the terms of the contract with Defendant Farmer's and is entitled to be paid by the Defendant any and all damages sustained from the negligence of Deceased Defendant, Jennifer Jeskey-Sabuda.

30. Defendant Farmer's has breached its contract by failing to make any payments to the Plaintiff, Julie Sloan, under the uninsured/underinsured motorist provisions of Plaintiff's policy.

**WHEREFORE**, Plaintiffs, by and through counsel, Cochran, Kroll & Associates, P.C., respectfully demands judgment against Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs, interest and attorney fees.

## COUNT VI
## BREACH OF CONTRACT BY FARMERS AUTOMOBILE INSURANCE ASSOCIATION – UM/UIM BENEFITS FOR PLAINTIFF STEVEN SLOAN

31. Plaintiffs incorporates each and every preceding paragraph as though fully stated herein.

32. Upon information and belief, deceased Defendant, Jennifer Jeskey-Sabuda, was uninsured or in the alternative, any insurance in force on the vehicle did not and does not provide adequate coverage for the claims and damages asserted by Plaintiff, Julie Sloan.

33. At the time of the accident, Plaintiff, Steven Sloan, had in force a policy of automobile insurance issued by Defendant Farmer's and said policy of insurance contained a provision for uninsured/underinsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by a third party, when that vehicle is uninsured or underinsured at the time of the accident, and the third person is not otherwise entitled to coverage.

34. Plaintiff, Steven Sloan, has complied with the terms of the contract with Defendant Farmer's and is entitled to be paid by the Defendant any and all damages sustained from the negligence of Deceased Defendant, Jennifer Jeskey-Sabuda.

35. Defendant Farmer's has breached its contract by failing to make any payments to the Plaintiff, Julie Sloan, under the uninsured/underinsured motorist provisions of Plaintiff's policy.

**WHEREFORE**, Plaintiffs, by and through counsel, Cochran, Kroll & Associates, P.C., respectfully demands judgment against Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with costs, interest and attorney fees.

/s/Elizabethann B. Cochran
Elizabethann B. Cochran (P79067)
Jeffery M. Mussin (P81032)
COCHRAN, KROLL & ASSOCIATES, P.C.
Attorneys for Plaintiff
32398 Five Mile Road
Livonia, MI 48154
(734) 425-2400; (734) 425-7885 – fax

Dated: March 6, 2023

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JULIE SLOAN,<br>a citizen of the State of Iowa,<br><br>and<br><br>STEVEN SLOAN,<br>a citizen of the State of Iowa<br><br>       Plaintiffs,<br><br>-v-<br><br>DARREN SABUDA,<br>as personal representative to the<br>ESTATE OF JENNIFER JESKEY-SABUDA,<br>a citizen of the State of Michigan,<br><br>and<br><br>PEKIN INSURANCE,<br>a corporation incorporated in the State of Illinois,<br><br>and<br><br>FARMERS AUTOMOBILE INSURANCE ASSOCIATION,<br>a corporation incorporated in the State of Illinois,<br><br>       Defendants. | Case No.:<br>Hon.<br>Magistrate Judge: |

| | |
|---|---|
| Elizabethann B. Cochran (P79067)<br>Jeffery M. Mussin (P81032)<br>COCHRAN, KROLL & ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>32398 Five Mile Road<br>Livonia, MI 48154<br>(734) 425-2400; (734) 425-7885 – fax<br>bcochran@cochranlaw.com<br>jmussin@cochranlaw.com | |

## JURY DEMAND

11

NOW COMES the above-named Plaintiffs by and through counsel, Cochran, Kroll & Associates, P.C., and hereby demands trial by jury of facts and issues of the above-captioned.

/s/Elizabethann B. Cochran
Elizabethann B. Cochran (P79067)
Jeffery M. Mussin (P81032)
COCHRAN, KROLL & ASSOCIATES, P.C.
Attorneys for Plaintiff
32398 Five Mile Road
Livonia, MI 48154
(734) 425-2400; (734) 425-7885 – fax

Dated: March 6, 2023